NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
CHRISTOPHER BRUNWIN (Cal. Bar No. 158939)
Assistant United States Attorney
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4242
     Facsimile: (213) 894-3713
     E-mail:    Christopher.Brunwin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 15-688(A)-DSF-6 |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT GUADALUPE REYES |
| v. | |
| GUADALUPE REYES, et al., | |
| Defendants. | |

1.   This constitutes the plea agreement between defendant Guadalupe Reyes ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count five of the First Superseding Indictment in United States v. Kelly, et al., CR

No. 15-688(A)-DSF, which charges defendant with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B).

      b. Not contest facts agreed to in this agreement.

      c. Abide by all agreements regarding sentencing contained in this agreement.

      d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

      e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

      f. Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

      g. Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

## THE USAO'S OBLIGATIONS

3. The USAO agrees to:

      a. Not contest facts agreed to in this agreement.

      b. Abide by all agreements regarding sentencing contained in this agreement.

      c. At the time of sentencing, move to dismiss any remaining counts of the First Superseding Indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the

applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

       d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

       e.   Forego any enhancements to the otherwise applicable statutory mandatory minimum sentence pursuant to Title 21 of the United States Code, Section 851, or to dismiss charges filed pursuant to that provision, if filed prior to the entry of defendant's guilty pleas.

       f.   Recommend that defendant be sentenced at the low end of the applicable Guidelines range, subject to the statutory mandatory minimum sentence described at paragraph 7 herein.

## NATURE OF THE OFFENSE

   4.   Defendant understands that, for defendant to be guilty of the crime charged in count five, that is, conspiracy to distribute controlled substances, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), the following must be true:

       a.   Defendant entered an agreement with at least one other person to commit the crime of distribution of methamphetamine; and

       b.   Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

   In order for defendant to be subject to the statutory maximum and mandatory minimum sentences set forth herein for the violation charged in count five, the government must prove beyond a reasonable

3

doubt that it was foreseeable to defendant that the conspiracy of which he was a part involved the distribution of at least 5 grams or more of actual methamphetamine or 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

5.  Defendant admits that he is, in fact, guilty of the offense charged and described in count five of the First Superseding Indictment and that the offense described in count five involved the distribution of more than 5 grams of actual methamphetamine or 50 grams of a mixture or substance containing a detectable amount of methamphetamine.

## PENALTIES

6.  Defendant understands that the statutory maximum sentence that the Court can impose for this violation of Title 21, United States Code, Sections 846 and 841(a)(1), (b)(1)(B), is: 40 years' imprisonment; a lifetime period of supervised release; a fine of $5,000,000, or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.  The statutory mandatory minimum sentence that the court must impose for this violation of Title 21, United States Code, Sections 846 and 841(a)(1), (b)(1)(B) is 5 years' imprisonment, a 4-year term of supervised release, and a mandatory special assessment of $100.

8.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part

of the term of supervised release authorized by statute for the offense that resulted in the term of supervised releases.

9. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that, once the Court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

11. Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for

1 federal food stamp program benefits, and that any such benefits or
2 assistance received by defendant's family members will be reduced to
3 reflect defendant's ineligibility.

## FACTUAL BASIS

12. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support the pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 14 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Defendant is a member of the Wilmas street gang and is known in the gang as "Oso." The Wilmas gang is an organization whose members commit violent crimes and distribute narcotics in Southeast Los Angeles and the community of Wilmington, within the Central District of California. As part of his role and membership in the Wilmas gang, defendant agreed with others to conduct and participate in the narcotics-trafficking offenses of the gang. Specifically, defendant regularly received narcotics from co-defendants and Wilmas gang members for distribution. On October 25, 2013, defendant communicated with a co-conspirator and Mexican Mafia member who exercised authority over the Wilmas gang and agreed to provide that co-conspirator with narcotics. Defendant again communicated with the same co-conspirator the next day and advised him that the narcotics were ready to be picked up. Defendant also asked the co-conspirator

6

how he wanted the narcotics to be packaged.  On November 18, 2013, defendant again arranged to deliver narcotics to the co-conspirator.

Defendant knew that the offenses of the Wilmas gang and the conspiracy of which he was a part involved the distribution of more than 5 grams of actual methamphetamine and more than 50 grams of a mixture or substance containing methamphetamine.

## SENTENCING FACTORS

13.  Defendant understands that in determining defendant's sentence, the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crimes of conviction.

14.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 24 | U.S.S.G. § 2D1.1(c)(8) |
| | -3 | U.S.S.G. § 3B1.2 |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant understands that defendant's offense level could be

7

increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

15.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

<div style="text-align:center">WAIVER OF CONSTITUTIONAL RIGHTS</div>

16.  Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.  The right to persist in a plea of not guilty.

    b.  The right to a speedy and public trial by jury.

    c.  The right to be represented by counsel – and if necessary have the Court appoint counsel - at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

    d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e.  The right to confront and cross-examine witnesses against defendant.

    f.  The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

    g.  The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

        h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION

17.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

18.   Defendant agrees that, provided the Court imposes a total term of imprisonment on the count of conviction that is within the Sentencing Guidelines range corresponding to an overall offense level of 18 or less and subject to the mandatory minimum sentence described at paragraph 7 herein, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Orders 318, and/or 18-10 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

19.   The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the

statutory maximum specified above and (b) the Court imposes a term of imprisonment of not less than the applicable Guidelines range corresponding to an overall offense level of 18, the USAO will give up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

20. Defendant agrees that if, after entering guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; (b) in any investigation, criminal prosecution, or civil, administrative, or regulatory action, defendant agrees that any information or statements related to his plea and any evidence derived from any such information shall be admissible against defendant, and defendant will not assert, and hereby waives and gives up, any claim under the United States Constitution, any statute, or any federal rule, that any Plea Information or any evidence derived from any Plea Information should be suppressed or is inadmissible.

## EFFECTIVE DATE OF AGREEMENT

21. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

22. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of

defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then:

     a.   If defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas.

     b.   The USAO will be free to prosecute criminally defendant for false statement, obstruction of justice, and perjury based on any knowingly false or misleading statement by defendant.

     c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

23.   Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not

accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

24. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

25. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

26. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

NICOLA T. HANNA
United States Attorney

_____        July 18, 2019
CHRISTOPHER BRUNWIN                      Date
JUSTIN R. RHOADES
Assistant United States Attorneys

_____        _____
GUADALUPE REYES                          Date
Defendant

_____        _____
MARK KASSABIAN                           Date
Attorney for Defendant GUADALUPE
REYES

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms.

13

NO ADDITIONAL AGREEMENTS

26. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

NICOLA T. HANNA
United States Attorney

| | |
|---|---|
| CHRISTOPHER BRUNWIN<br>Assistant United States Attorney | Date |
| GUADALUPE REYES<br>Defendant | 7-18-19<br>Date |
| MARK KASSABIAN<br>Attorney for Defendant GUADALUPE REYES | 7-18-19<br>Date |

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms.

I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____  7-18-19
GUADALUPE REYES                 Date
Defendant

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am GUADALUPE REYES' attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this

agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

/s/ Mark Kassabian     7-18-19
MARK KASSABIAN     Date
Attorney for Defendant GUADALUPE REYES